<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4685**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARTINEOUS LEON HOPPER,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:05-cr-00031-LHT-2)

_____

Submitted: February 7, 2011            Decided: March 1, 2011

_____

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Claire J. Rauscher, Executive Director, Ann L. Hester, Fredilyn Sison, Assistant Federal Defenders, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martineous Leon Hopper pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Hopper as a career offender to 188 months' imprisonment, the bottom of the Guidelines range. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts there are no meritorious issues for appeal but questions whether the district court erred in counting Hopper's prior felony convictions for assault with a deadly weapon as separate offenses under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2008). Hopper filed a pro se supplemental brief.[*] Finding no error, we affirm.

Appellate review of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to

_____

[*] In addition to counsel's argument, Hopper contends that the district court erred in failing to state specifically on the record that it had considered the crack/powder disparity. We have carefully reviewed the record and conclude that Hopper's claim is without merit.

determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In contrast, "[s]ubstantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2006)]." Id.

This court must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. Mendoza-Mendoza, 597 F.3d at 217.

Counsel asserts that Hopper's prior assault convictions should not be counted as separate offenses for career offender purposes because they were consolidated for sentencing. However, our review of the record reveals that the charges were separated by an intervening arrest, see USSG § 4A1.2(a)(2): Hopper was arrested on June 4, 1996, for felony assault with a deadly weapon with intent to inflict serious injury, and he was arrested on December 9, 1996, for felony

3

assault with a deadly weapon with intent to inflict serious injury on a different victim. Accordingly, the district court correctly found that Hopper's prior convictions counted as separate convictions for the purpose of calculating his sentence under the career offender guideline. See USSG §§ 4B1.1(a), 4B1.2(c). Therefore, we conclude that the district court did not commit procedural or substantive error, or otherwise abuse its discretion, in imposing a 188-month within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Hopper, in writing, of the right to petition the Supreme Court of the United States for further review. If Hopper requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hopper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED